IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**BIANCA TIEPPO and NATALIE FARMER**, Each Individually and on Behalf of All Others Similarly Situated                                    **PLAINTIFFS**

vs.                             No. 1:22-cv-970

**SW MANAGEMENT GROUP, LLC**                                    **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Bianca Tieppo and Natalie Farmer (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Lydia H. Hamlet and Josh Sanford of the Sanford Law Firm, PLLC, for their Original Complaint—Collective Action against SW Management Group, LLC ("Defendant"), state and allege as follows:

### I.   JURISDICTION AND VENUE

1. Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs and all others similarly situated a proper overtime compensation for all hours that Plaintiffs and all others similarly situated worked.

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas, and upon information and belief is headquartered in Driftwood.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

## II.   THE PARTIES

5. Plaintiff Bianca Tieppo ("Tieppo") is an individual and a resident of Fairfield County, Connecticut.

6. Plaintiff Natalie Farmer ("Farmer") is an individual and a resident of Denver County, Colorado.

7. Defendant is a foreign, limited liability company.

8. Defendant does business as Healthy Back Institute, LLC.

9. Defendant's registered agent for service is Jesse Cannone at 2010 Goodrich Ave, Unit 5A, Austin, Texas 78704.

10. Defendant maintains a website at https://losethebackpain.com/.

## III.   FACTUAL ALLEGATIONS

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

12. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

13. At all relevant times herein, Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

14. Defendant employed Tieppo from January of 2022 until the present.

15. Tieppo worked remotely for Defendant from her home in Connecticut.

16. Defendant employed Tieppo as an Outbound Caller from January of 2022 until July of 2022, and as a Value Added Team member from July of 2022 until the present.

17. Both of Tieppo's positions are a type of "Sales Representative" as defined by Defendant.

18. Defendant employed Farmer from April of 2022 until July of 2022.

19. Farmer worked remotely for Defendant from her home in Colorado.

20. Defendant employed Farmer as a Sales Representative.

21. Defendant also employed other Sales Representatives within the three years preceding the filing of this Complaint.

22. Defendant classified Plaintiffs as salaried employees, exempt from the overtime requirements of the FLSA.

23. Defendant also classified other Sales Representatives as salaried employees, exempt from the overtime requirements of the FLSA.

24. At all times material herein, Plaintiffs and other Sales Representatives have been entitled to the rights, protections and benefits provided under the FLSA.

25. At all relevant times herein, Defendant directly hired Sales Representatives to work at its facilities and/or to work remotely, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26. As Sales Representatives, Plaintiffs were primarily responsible for conducting phone calls with current and potential clients to sell products.

27. Other Sales Representatives had similar duties as Plaintiffs.

28. Plaintiffs and other Sales Representatives did not hire or fire any other employee.

29. Plaintiffs and other Sales Representatives were not asked to provide input as to which employees should be hired or fired.

30. Plaintiffs and other Sales Representatives did not exercise discretion or independent judgment as to matters of significance.

31. Plaintiffs and other Sales Representatives sought input from their superiors in lieu of making significant decisions on their own.

32. Plaintiffs worked over forty hours in at least one week within the three years preceding the filing of this Complaint.

33. Upon information and belief, other Sales Representatives also worked over forty hours in at least one week within the three years preceding the filing of this Complaint.

34. Defendant did not provide a timekeeping system by which Plaintiffs and other Sales Representatives could track their time.

35. Defendant told Plaintiffs that Defendant could track Plaintiffs' work online and knew when they were working.

36. Upon information and belief, Defendant could and did track the work of other Sales Representatives.

37. Defendant knew or should have known that Plaintiffs and other Sales Representatives worked hours over forty in at least some weeks within the three years preceding the filing of this Complaint.

38. Plaintiffs and other Sales Representatives were not paid overtime wages for hours worked over forty per week.

39. At all relevant times herein, Defendant has deprived Plaintiffs and other Sales Representatives of overtime compensation for all of the hours worked over forty per week.

40. Plaintiffs and other Sales Representatives received commission in addition to their salary pay, and the commission should be included in their regular rate when calculating their overtime pay pursuant to 29 C.F.R. § 778.117.

41. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.   REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked in excess of forty per week;

    B.    Liquidated damages; and

    C.    The costs of this action, including attorney's fees.

46.    Plaintiffs propose the following class under the FLSA:

**All Sales Representatives in the last three years.**

47.    In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

48.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49.    The proposed FLSA collective members are similarly situated in that they share these traits:

    A.    They worked more than 40 hours in at least some weeks;

    B.    They had substantially similar job duties, requirements, and pay provisions;

    C.    They were misclassified by Defendant as exempt from the overtime requirements of the FLSA; and

    D.    They were subject to Defendant's common policy of failing to pay overtime wages for all hours worked over forty each week.

50.    Plaintiffs are unable to state the exact number of the collective but believe that there it exceeds fifty persons.

51. Defendant can readily identify the members of the Section 16(b) collective, who are a certain portion of the current and former employees of Defendant.

52. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## V.     FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

53. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

54. At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

55. At all times relevant to this Complaint, Defendant has been, and is, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

57. At all times relevant times to this Complaint, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

58. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 in each week.

59. Defendant's failure to pay Plaintiffs all overtime wages owed was willful.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint.

## VI.    SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

61. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

62. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

63. At all times relevant to this Complaint, Defendant misclassified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA.

64. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 each week.

65. Defendant willfully failed to pay overtime wages to Plaintiffs and to others similarly situated.

66. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages,

and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Bianca Tieppo and Natalie Farmer, each individually on behalf of all others similarly situated, respectfully pray as follows:

A.   That Defendant be summoned to appear and answer this Complaint;

B.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

C.   Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D.   Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E.   Judgment for liquidated damages pursuant to the FLSA;

F.   An order directing Defendant to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

G.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BIANCA TIEPPO and NATALIE FARMER, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Lydia H. Hamlet*
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com